EDMUND B. KURSHEEDT ET AL. v. STANDARD BLEACH-
ERY COMPANY ET AL.

Argued February 15, 1910—Decided June 13, 1910.

Whether or not an application for a rule to show cause will be
granted where a writ of error lies may depend upon the nature
of the error complained of and the manner in which it was raised
at the trial.

On plaintiff's application for a rule to show cause.

Before Justices GARRISON, SWAYZE and PARKER.

For the rule, *Chauncey G. Parker* and *John W. Griggs.*

*Contra, John M. Bell* and *William B. Gourley.*

The opinion of the court was delivered by

GARRISON, J.   This is an action in tort to recover the value
of cotton cloth delivered by the plaintiffs to the defendants,
to be bleached and returned to the plaintiffs in a finished state.
The declaration charges that in the process of bleaching and
finishing there occurred a stretching of the cloth to the extent
of two per cent., so that when the defendants returned only
the number of yards · of cloth invoiced to them in the un-
bleached state this two per cent. of increase was fraudulently
retained by the defendants, who disposed of it to the plaintiffs'
competitors in business at prices that enabled them to under-
sell the plaintiffs as to their own goods.   The quantity of
cloth thus fraudulently converted is stated in the declaration
at sixty-two thousand yards, at an average price of seven
cents per yard.

Having in mind that the plaintiffs' case consisted in the
proof of a fraud that from its nature could be proved only by
disconnected circumstances and the inference to be drawn
therefrom, we think that there was excluded at the trial cer-

tain testimony the relevance and materiality of which, in the aspect referred to, is a fair subject for discussion upon a rule to show cause. The present application is for such a rule.

The testimony referred to is (1) that which connected a Boston manufacturer named Robertson with purchases from one of the defendants of cloth similar to the plaintiffs' and the various circumstances connected therewith.

(2) That the plaintiffs' cloth when finished at other bleacheries than the defendants' yielded a definite stretch.

(3) The testimony offered by the plaintiffs at the close of the defendants' case to meet the defendants' evidence that plaintiffs' cloth was not susceptible to the stretching claimed by the plaintiffs. There was other testimony of the same import that was offered and excluded.

The only question we have had is whether the plaintiffs ought not to be relegated to their writ of error upon the exceptions allowed at the trial. *Bennett* v. *Trenton Pass. R. R. Co.,* 29 *Vroom* 556.

In view, however, of the element of discretion that entered into the last-mentioned ruling, which is of vital importance to the plaintiffs' case, we have concluded that justice can be more effectively administered under the more flexible mode of review. The rule applied for by the plaintiffs is allowed.